| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| PRENOVOST, NORMANDIN, DAWE, & ROCHA<br>Karel G. Rocha, Bar No. 212413<br>krocha@pnbd.com<br>2122 North Broadway, Suite 200<br>Santa Ana, CA 92706-2614<br>(714) 547-2444 Telephone (714) 835-2889 Fax | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* THE GOLDEN 1 CREDIT UNION

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION

| In re:<br><br>Zahid Siddiqi | CASE NO.: 2:22-bk-14581-WB<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(PERSONAL PROPERTY)** |
| Debtor(s). | DATE: 10/11/2022<br>TIME: 10:00 am<br>COURTROOM: 1375 |

**Movant:** THE GOLDEN 1 CREDIT UNION

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice and remains pending.  After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  09/19/2022

                                                     Prenovost, Normandin, Dawe, & Rocha
                                                     Printed name of law firm (if applicable)

                                                     Karel Rocha
                                                     Printed name of individual Movant or attorney for Movant

                                                     /s/ Karel Rocha
                                                     Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☒ Vehicle (*year, manufacturer, type, and model*): 2013 McLaren MP4-12C

      *Vehicle Identification Number:* SBM11BAA7DW002780
      *Location of vehicle (if known):* In Debtor's possesion

   b. ☐ Equipment (*manufacturer, type, and characteristics*):

      *Serial number(s):*

      *Location (if known):*

   c. ☐ Other Personal Property (*type, identifying information, and location*):

3. **Bankruptcy Case History:**

   a. ☒ A voluntary bankruptcy petition   ☐ An involuntary bankruptcy petition
      under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13   was filed on (*date*)  08/23/2022  .

   b. ☐ An order to convert this case to chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on (*date*) _____.

   c. ☐ Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant
             sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
             obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (D) ☐ Other (*see attached continuation page*).

      (2) ☐ The bankruptcy case was filed in bad faith.

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
             commencement documents.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*) All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due
☐ postpetition preconfirmation    ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*) _____, which is
☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

6. ☐ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 4                              **F 4001-1.RFS.PP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3.  ☐ Confirmation that there is no stay in effect.

4.  ☐ The stay is annulled retroactive to the petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8.  ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9.  ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☐ See continuation page for other relief requested

Date:  09/19/2022

Prenovost, Normandin, Dawe, & Rocha
Print name of law firm

Karel Rocha
Print name of individual Movant or attorney for Movant

/s/ Karel Rocha
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PERSONAL PROPERTY DECLARATION

I, (*name of declarant*) __SOFIA ALI_____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (*specify*):

    a.  ☐ I am the Movant.

    b.  ☒ I am employed by Movant as (*title and capacity*): Bankruptcy Litigation Specialist

    c.  ☐ Other (*specify*):

2.  a.  ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐ Other (see attached):

3.  The Property is:

    a.  ☒ Vehicle (*year, manufacturer, type, model and year*): 2013 McLaren MP4-12C

        *Vehicle Identification Number*: SBM11BAA7DW002780
        *Location of vehicle (if known)*: In Debtor's possesion

    b.  ☐ Equipment (*manufacturer, type, and characteristics*):

        *Serial number(s)*:
        *Location (if known)*:

    c.  ☐ Other personal property (*type, identifying information, and location*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. The nature of Debtor's interest in the Property is:

   a. ☒ Sole owner

   b. ☐ Co-owner (*specify*):

   c. ☐ Lessee

   d. ☐ Other (*specify*):

   e. ☒ Debtor ☒ did ☐ did not   list the Property in the schedules filed in this case.

5. ☐ The lease matured or was rejected on (*date*) _____:

   a. ☐ rejected

      (1) ☐ by operation of law.

      (2) ☐ by order of the court.

   b. ☐ matured.

6. Movant has a perfected security interest in the Property.

   a. ☐ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _____.

   b. ☒ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:

      (1) ☐ Certificate of title ("pink slip") (Exhibit _____).

      (2) ☐ Vehicle or other lease agreement (Exhibit _____).

      (3) ☒ Security agreement (Exhibit __1_____).

      (4) ☒ Other evidence of a security interest (Exhibit _2_____).

   c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law. True and correct copies of the following items are attached to this motion:

      (1) ☐ Security agreement (Exhibit _____).

      (2) ☐ UCC-1 financing statement (Exhibit _____).

      (3) ☐ UCC financing statement search results (Exhibit _____).

      (4) ☐ Recorded or filed leases (Exhibit _____).

      (5) ☐ Other evidence of perfection of a security interest (Exhibit _____).

   d. ☐ The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

      (1) ☐ Credit application (Exhibit _____).

      (2) ☐ Purchase agreement (Exhibit _____).

      (3) ☐ Account statement showing payments made and balance due (Exhibit _____).

      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

   e. ☐ Other liens against the Property are attached as Exhibit _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 7                          **F 4001-1.RFS.PP.MOTION**

7. Status of Movant's debt:

    a.  The amount of the monthly payment: $ __1,062.21__ .

    b.  Number of payments that became due and were not tendered: ☒ prepetition ☐ postpetition.

    c.  Total amount in arrears: $ __99,766.24__ .

    d.  Last payment received on (*date*): __05/29/2020__ .

    e.  Future payments due by the anticipated hearing date (*if applicable*): _____
        An additional payment of $ __1,062.21__ will come due on (*date*) __10/17/2022__ , and on
        the __17th__ day of each month thereafter.  If the payment is not received by the _____
        day of the month, a late charge of $ _____ will be charged under the terms of the loan.

8. ☒ Attached as Exhibit __3__ is a true and correct copy of a POSTPETITION payment history that accurately
    reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt:

    a.  Principal:...................................................................................... $ __99,766.24__
    b.  Accrued interest: ........................................................................ $ __6,549.54__
    c.  Costs (attorney's fees, late charges, other costs):...................... $ __688.00__
    d.  Advances (property taxes, insurance): ...................................... $ _____
    e.  TOTAL CLAIM as of _____:............................................. $ __107,003.78__

10. ☐ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ _____ .
    This valuation is based upon the following supporting evidence:

    a.  ☐  This is the value stated for property of this year, make, model, and general features in the reference guide
           most commonly used source for valuation data used by Movant in the ordinary course of its business for
           determining the value of this type of property.  True and correct copies of the relevant excerpts of the most
           recent edition of the reference guide are attached as Exhibit _____.

    b.  ☐  This is the value determined by an appraisal or other expert evaluation.  True and correct copies of the
           expert's report and/or declaration are attached as Exhibit _____.

    c.  ☐  The Debtor's admissions in the Debtor's schedules filed in the case.  True and correct copies of the relevant
           portions of the Debtor's schedules are attached as Exhibit _____.

    d.  ☐  Other basis for valuation (*specify*):

---

**NOTE:**  If valuation is contested, supplemental declarations providing additional foundation for the
              opinions of value should be submitted.

---

11. Calculation of equity in Property:

    a.  ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**

           I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
           senior to Movant's debt is $ _____ and is _____% of the fair market value of the
           Property.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 8              **F 4001-1.RFS.PP.MOTION**

b.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity**:

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ _____.

12. ☒ The fair market value of the Property is declining because:
Lack of payment

13. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (*date*) _____, which is:  ☐ prepetition.  ☐ postpetition.

15. ☒ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a.  The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _09/29/2022_
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*) 11/02/2022_
The plan was confirmed on (*if applicable*) (*date*) _____

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postconfirmation payments due BUT REMAINING UNPAID after the plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:          $ 99,766.24
(*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                       $ 688.00
(*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                  $ [          ]

TOTAL POSTPETITION DELINQUENCY:          $ 100,454.24

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____.  See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: _____
    Chapter: _____    Case number: _____
    Date filed: _____    Date discharged: _____    Date dismissed: _____
    Relief from stay regarding the Property ☐ was   ☐ was not  granted.

(2) Case name: _____
    Chapter: _____    Case number: _____
    Date filed: _____    Date discharged: _____    Date dismissed: _____
    Relief from stay regarding the Property ☐ was   ☐ was not  granted.

(3) Case name: _____
    Chapter: _____    Case number: _____
    Date filed: _____    Date discharged: _____    Date dismissed: _____
    Relief from stay regarding the Property ☐ was   ☐ was not  granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐  For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 09/16/2022 | SOFIA ALI | *Sofia Ali* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 11                                    **F 4001-1.RFS.PP.MOTION**

EXHIBIT "1"

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Dealer Number 39868 | Contract Number | Stock Number 2673 |
|---|---|---|

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ZAHID SIDDIQI<br><br>LOS ANGELES CA LOS ANGELES 90017 | | EXECUTIVE AUTO SALES<br>116 E. SAN JOSE<br>FRESNO CA 93710<br>(559) 222-9191 OFFICE / (559) 222-9192 FAX |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2013 | MCLAREN MP4-12C | 15743 | SBM11BAA7DW002780 | Personal, family or household unless otherwise indicated below.<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 21700.00 is |
|---|---|---|---|---|
| 6.39 % | $ 20966.15 (e) | $ 99952.81 (e) | $ 120918.96 (e) | $ 142618.96 (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 71 | 1679.43 | Monthly beginning Apr 17 2020 |
| N/A | N/A | N/A |
| One final payment | 1679.43 | Mar 17 2026 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

## ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Total Cash Price**
   A. Cash Price of Motor Vehicle and Accessories ......... 110500.00 (A)
   1. Cash Price Vehicle ......... 110500.00
   2. Cash Price Accessories ......... N/A
   3. Other (Nontaxable) N/A
      Describe ___ N/A $ ___ N/A
      Describe ___ N/A $ ___ N/A
   B. Document Processing Charge (not a governmental fee) ......... $ 85.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ......... $ 50.00 (C)
   D. (Optional) Theft Deterrent Device(s)
      1. (paid to) ___ N/A $ ___ N/A (D1)
      2. (paid to) ___ N/A $ ___ N/A (D2)
      3. (paid to) ___ N/A $ ___ N/A (D3)
   E. (Optional) Surface Protection Product(s)
      1. (paid to) ___ N/A $ ___ N/A (E1)
      2. (paid to) ___ N/A $ ___ N/A (E2)
   F. EV Charging Station (paid to) ___ $ ___ N/A (F)
   G. Sales Tax (on taxable items in A through F) ......... $ 9680.56 (G)
   H. Electronic Vehicle Registration or Transfer Charge
      (not a governmental fee) (paid to) MVSC $ 29.00 (H)
   I. (Optional) Service Contract(s) N/A
      1. (paid to) ___ N/A $ ___ N/A (I1)
      2. (paid to) ___ N/A $ ___ N/A (I2)
      3. (paid to) ___ N/A $ ___ N/A (I3)
      4. (paid to) ___ N/A $ ___ N/A (I4)
      5. (paid to) ___ N/A $ ___ N/A (I5)
   J. Prior Credit or Lease Balance (e) paid by Seller to
      Vehicle 1 ___ N/A Vehicle 2 N/A $ ___ N/A (J)
      (see downpayment and trade-in calculation)
   K. (Optional) Debt Cancellation Agreement ......... $ ___ N/A (K)
   L. (Optional) Used Vehicle Contract Cancellation Option Agreement ......... $ ___ N/A (L)
   M. Other (paid to) ___ N/A $ ___ N/A (M)
      For ___
   N. Other (paid to) ___ $ ___ N/A (N)
      For ___
   **Total Cash Price (A through N)** ......... $ 120344.56 (1)

2. **Amounts Paid to Public Officials**
   A. Vehicle License Fees ......... $ 15.00 (A)
   B. Registration/Transfer/Titling Fees ......... $ 1285.00 (B)
   C. California Tire Fees ......... $ N/A (C)
   D. Other ___ $ N/A (D)
   **Total Official Fees (A through D)** ......... $ 1300.00 (2)

3. **Amount Paid to Insurance Companies**
   (Total premiums from Statement of Insurance) ......... $ N/A (3)

4. ☒ State Emissions Certification Fee or ☐ State Emissions Exemption Fee ......... $ 8.25 (4)

5. **Subtotal (1 through 4)** ......... $ 121652.81 (5)

6. **Total Downpayment**
   A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)):
      Vehicle 1 $ N/A Vehicle 2 $ N/A ......... $ N/A (A)
   B. Total Less Prior Credit or Lease Balance (e)
      Vehicle 1 $ N/A Vehicle 2 $ N/A ......... $ N/A (B)
   C. Total Net Trade-In (A–B) (Indicate if negative number)
      Vehicle 1 $ N/A Vehicle 2 $ N/A ......... $ N/A (C)
   D. Deferred Downpayment Payable to Seller ......... $ N/A (D)
   E. Manufacturer's Rebate ......... $ N/A (E)
   F. Other ___ $ N/A (F)
   G. Cash, Cash Equivalent, Check, Credit Card, or Debit Card ......... $ 21700.00 (G)
   **Total Downpayment (C through G)** ......... $ 21700.00 (6)
   (If negative, enter zero on line 6 and enter the amount less than zero as a positive number in line 1J above)

7. **Amount Financed (5 less 6)** ......... $ 99952.81 (7)

---

### STATEMENT OF INSURANCE
**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance
| | | Term | Premium |
|---|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | | N/A Mos. | $ N/A |
| Bodily Injury $ ___ Limits | | N/A Mos. | $ N/A |
| Property Damage $ ___ Limits | | N/A Mos. | $ N/A |
| Medical $ N/A | | N/A Mos. | $ N/A |

Total Vehicle Insurance Premiums $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____
Co-Buyer X _____
Seller X _____

**OPTIONAL DEBT CANCELLATION AGREEMENT.** A debt cancellation agreement is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation, the charge is shown in item 1K of the Itemization of Amount Financed. Your debt cancellation agreement for details on the terms and conditions it provides. It is a part of this contract.
Term ___ N/A ___ Mos. ___ Debt Cancellation Agreement
I want to buy a debt cancellation agreement.
Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.
| I1 Company N/A | | N/A |
|---|---|---|
| Term N/A Mos. or | N/A Miles | |
| I2 Company N/A | | N/A |
| Term N/A Mos. or | N/A Miles | |
| I3 Company N/A | | N/A |
| Term N/A Mos. or | N/A Miles | |
| I4 Company N/A | | N/A |
| Term N/A Mos. or | N/A Miles | |
| I5 Company N/A | | N/A |
| Term N/A Mos. or | N/A Miles | |

Buyer X _____

### Trade-In Vehicle(s)
**1. Vehicle 1**
Year ___ Make ___
Model ___ Odometer ___
VIN ___
a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A
c. Agreed Value of Property Being Traded-In (a–b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) $ N/A

**2. Vehicle 2**
Year ___ Make ___
Model ___ Odometer ___
VIN ___
a. Agreed Value of Property $ N/A
b. Buyer/Co-Buyer Retained Trade Equity $ N/A
c. Agreed Value of Property Being Traded-In (a–b) $ N/A
d. Prior Credit or Lease Balance $ N/A
e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) $ N/A

Total Agreed Value of Property Being Traded-In (1c+2c) $ N/A
Total Prior Credit or Lease Balance (1d+2d) $ N/A
Total Net Trade-In (1e+2e) $ N/A *
*See item 6A-6C in the Itemization of Amount Financed

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before ___ , N/A ___
SELLER'S INITIALS ___

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____
Co-Buyer Signs X _____

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

### 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

---

**GAP LIABILITY NOTICE**

In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional debt cancellation agreement for coverage of the gap amount may be offered for an additional charge.

---

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE AND BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay us all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you. If we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the

---

We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

**g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

### 4. WARRANTIES SELLER DISCLAIMS

**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

### 5. Used Car Buyers Guide.

The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

### 6. SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. **You agree that you will within a reasonable time notify us of any change in your name, address, or employment.**

### 7. APPLICABLE LAW

Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

### 8. WARRANTIES OF BUYER

You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

---

**CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

---

**Seller's Right to Cancel**

**a.** Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take some time for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). This amount is an estimate.

Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund.

Buyer Signature X _____ N/A _____ Co-Buyer Signature X _____ N/A _____

## AUTO BROKER FEE DISCLOSURE

If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: _____ N/A _____

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____ Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____ Co-Buyer X _____

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:

YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _____ X _____

```
No additional terms to be entered in this box.
```

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.

Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _____ Co-Buyer Signature X _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

| | |
|---|---|
| **THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION** California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details. | YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT. |

Buyer Signature X _____ Date 03/03/20 Co-Buyer Signature X _____ Date 03/03/20

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____ N/A _____ Address _____ N/A _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ N/A _____ Date _____ N/A _____ Guarantor X _____ N/A _____ Date _____ N/A _____

Address _____ N/A _____ Address _____ N/A _____

Seller Signs EXECUTIVE AUTO SALES Date 03/03/20 By X _____ Title MANAGER

**LAW** FORM NO. 553-CA-ARB (REV. 7/16)
©2016 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at our expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

contract.

Seller shall give you written notice (or it may in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

| Seller assigns its interest in this contract to | | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|---|---|
| ☐ Assigned with recourse | ☒ Assigned without recourse | ☐ Assigned with limited recourse |

Seller _ELA-C/S_     By _____     Title _P.S._

Form No. 553-CA-ARB 7/16

EXHIBIT "2"



29901 Agoura Road
Agoura Hills, CA 91301
www.dmvdesk.com

# Vehicle Registration Inquiry Report

## WARNING: SEE RECORD CONDITION

| | | | | | |
|---|---|---|---|---|---|
| 2013 MCLA CONVERTIBLE (CV) | | Reference #: | | Date: | 08/24/2022 10:36:23 AM |
| 7BHT907 | | Request: | SBM11BAA7DW002780 | Reason: | REPOSSESSION |
| SBM11BAA7DW002780 | | Requester: | sali4 | Stock #: | |

| REGISTERED OWNER INFORMATION | | LEGAL OWNER (LIENHOLDER) INFORMATION | |
|---|---|---|---|
| Name: | SIDDIQI ZAHID | Name: | GOLDEN 1 CU |
| Name/Address: | | Name/Address: | PO BX 15966 |
| Address: | | Address: | |
| Address: | | Address: | |
| City: | LOS ANGELES | City: | SACRAMENTO |
| Zip Code: | 90017 | Zip Code: | 95852 |
| County: | LOS ANGELES (19) | | |
| Allocated County: | | | |

Date of Latest Registration Card Issuance:    03/25/2020
Date of Latest Ownership Certificate:    10/15/2020

| VEHICLE INFORMATION | | COMMERCIAL VEHICLE INFO | |
|---|---|---|---|
| Vehicle Type: | AUTO - USED (12) | Gross Veh Code: | |
| Make: | 2013 MCLA CONVERTIBLE (CV) | Cert Indicator: | |
| License Plate: | 7BHT907 | Axle: | |
| **Expires:** | **10/24/2020** | Weight: | |
| VIN: | SBM11BAA7DW002780 | Cylinders: | |
| Type License: | REGULAR AUTO (11) | Operating Wt: | |
| Type Body: | Passenger Vehicle and Motorcycle (0) | | |
| Fuel: | GAS (G) | | |
| Date First Sold: | 2013 | | |
| Asterisk Year: | 2020 | | |
| Subplate: | | | |
| Price Class (VLF): | MA | | |
| ¹ Due to DMV: | $ 0 | | |
| Prorate No: | | | |
| Equipment No: | | | |
| Engine Number: | | | |

## ODOMETER

03/02/2020: 15,743 MILES ACTUAL MILEAGE

## RECORD CONDITION

**WARNING:**

**04/08/21 VEHICLE LICENSE AND TITLING STOP**

**02/25/21 VEH REG SUSPENDED EFF: 02/25/2021**

RECORD STATUS:

03/27/20 SMOG DUE 10/24/21

03/25/20 MA CLASS VEHICLE VALUE: 0110500

NO MAILING ADDRESS

S:04/08/21 U:12 REASON CODE: 60

Use of this Vehicle Registration Inquiry Report must adhere to the requirements by the Department of Motor Vehicles set forth in your Requester Agreement. Any use of this system outside that prescribed in the Requester Agreement is strictly prohibited. Vehicle Registration Inquiry Reports may not be shared with anyone outside the authorized requester's company.

| TOTAL REGISTRATION FEES DUE TO DMV | | |
|---|---|---|
| Estimate for Today | Estimate for 10/25/2022 | Estimate for 11/04/2022 |
| **$ 3979**<br>**($ 2857 + $ 1122 penalty)** | **$ 4901**<br>**($ 2857 + $ 2044 penalty)** | **$ 4968**<br>**($ 2857 + $ 2111 penalty)** |

WARNING: RECORD CONDITION MAY IMPACT THE FEES THAT ARE DUE. CONTACT DMV FOR ACTUAL FEES.

| DMVDESK FEE ESTIMATOR TIMELINE | | | | | |
|---|---|---|---|---|---|

**Fee calculation based on purchase.**

WARNING: RECORD CONDITION MAY IMPACT THE FEES THAT ARE DUE. CONTACT DMV FOR ACTUAL FEES.

| | Today<br>8/24/2022 | As of<br>10/25/2022 | As of<br>11/4/2022 | As of<br>11/24/2022 | As of<br>7/12/2023 |
|---|---|---|---|---|---|
| Current Registration Year | 2022 Fees | 2022 Fees | 2022 Fees | 2022 Fees | 2023 Fees |
| Transfer Fee | $ 15 | $ 15 | $ 15 | $ 15 | $ 15 |
| Registration Fee | $ 65 | $ 65 | $ 65 | $ 65 | $ 65 |
| CHP Fee | $ 29 | $ 29 | $ 29 | $ 29 | $ 29 |
| VLF Fee | (0.65%) $ 575 | (0.65%) $ 575 | (0.65%) $ 575 | (0.65%) $ 575 | (0.65%) $ 503 |
| County Fee | $ 11 | $ 11 | $ 11 | $ 11 | $ 11 |
| New Transportation Improvement Fee | $ 196 | $ 196 | $ 196 | $ 196 | $ 196 |
| Penalty - Registration Fee | | $ 10 | $ 15 | $ 30 | |
| Penalty - CHP Fee | | $ 10 | $ 15 | $ 30 | |
| Penalty - VLF Fee | | (10%) $ 58 | (20%) $ 115 | (60%) $ 345 | |
| **Subtotal** | **$ 891** | **$ 969** | **$ 1,036** | **$ 1,296** | **$ 819** |
| 1st Prior Registration Year | 2021 Fees | 2021 Fees | 2021 Fees | 2021 Fees | 2022 Fees |
| Registration Fee | $ 65 | $ 65 | $ 65 | $ 65 | $ 65 |
| CHP Fee | $ 29 | $ 29 | $ 29 | $ 29 | $ 29 |
| VLF Fee | (0.65%) $ 646 | (0.65%) $ 646 | (0.65%) $ 646 | (0.65%) $ 646 | (0.65%) $ 575 |
| County Fee | $ 11 | $ 11 | $ 11 | $ 11 | $ 11 |
| 1st Prior Year New Transportation Improvement Fee | $ 196 | $ 196 | $ 196 | $ 196 | $ 196 |
| Penalty - Registration Fee | $ 30 | $ 50 | $ 50 | $ 50 | $ 30 |
| Penalty - CHP Fee | $ 30 | $ 50 | $ 50 | $ 50 | $ 30 |
| Penalty - VLF Fee | (60%) $ 388 | (80%) $ 517 | (80%) $ 517 | (80%) $ 517 | (60%) $ 345 |
| **Subtotal** | **$ 1,395** | **$ 1,564** | **$ 1,564** | **$ 1,564** | **$ 1,281** |
| 2nd Prior Registration Year | 2020 Fees | 2020 Fees | 2020 Fees | 2020 Fees | 2021 Fees |
| Registration Fee | $ 65 | $ 65 | $ 65 | $ 65 | $ 65 |
| CHP Fee | $ 29 | $ 29 | $ 29 | $ 29 | $ 29 |
| VLF Fee | (0.65%) $ 718 | (0.65%) $ 718 | (0.65%) $ 718 | (0.65%) $ 718 | (0.65%) $ 646 |
| County Fee | $ 11 | $ 11 | $ 11 | $ 11 | $ 11 |
| 2nd Prior Year New Transportation Improvement Fee | $ 196 | $ 196 | $ 196 | $ 196 | $ 196 |
| Penalty - Registration Fee | $ 50 | $ 100 | $ 100 | $ 100 | $ 50 |
| Penalty - CHP Fee | $ 50 | $ 100 | $ 100 | $ 100 | $ 50 |
| Penalty - VLF Fee | (80%) $ 574 | (160%) $ 1,149 | (160%) $ 1,149 | (160%) $ 1,149 | (80%) $ 517 |
| **Subtotal** | **$ 1,693** | **$ 2,368** | **$ 2,368** | **$ 2,368** | **$ 1,564** |
| 3rd Prior Registration Year | | | | | 2020 Fees |
| Registration Fee | | | | | $ 65 |
| CHP Fee | | | | | $ 29 |
| VLF Fee | | | | | (0.65%) $ 718 |
| County Fee | | | | | $ 11 |
| 3rd Prior Year New Transportation Improvement Fee | | | | | $ 196 |
| Penalty - Registration Fee | | | | | $ 100 |
| Penalty - CHP Fee | | | | | $ 100 |
| Penalty - VLF Fee | | | | | (160%) $ 1,149 |
| **Subtotal** | | | | | **$ 2,368** |
| **Total Registration Fee** | **$ 3,979** | **$ 4,901** | **$ 4,968** | **$ 5,228** | **$ 6,032** |

Use of this Vehicle Registration Inquiry Report must adhere to the requirements by the Department of Motor Vehicles set forth in your Requester Agreement. Any use of this system outside that prescribed in the Requester Agreement is strictly prohibited. Vehicle Registration Inquiry Reports may not be shared with anyone outside the authorized requester's company.

EXHIBIT "3"

Charge Off Report                                                                                               ×

## Member Name: ZAHID ASIF SIDDIQI
**Account Number:**      **Loan Suffix: 1**
### CHARGE OFF LOAN

Date : 8/24/2022

**Charge Off Basic**

| | | | |
|---|---|---|---|
| Charge off number: | 1 | Loan suffix: | 1 |
| Charge off date: | 1/28/2021 | Amount charged off: | $99,767.24 |
| Interest rate: | 6.24 | Loan balance: | $99,766.24 |
| Interest due: | $13,934.76 | Stored interest due: | $6,549.54 |
| Last payment date: | 6/17/2021 | Interest paid through date: | 6/17/2021 |
| Frequency: | M | Payment amount: | $1,672.21 |
| Original loan date: | 3/3/2020 | Original loan amount: | $99,952.81 |
| Loan officer: | D314263 | Loan term: | 72 |
| Collateral code: | | Purpose code: | **** |



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2122 North Broadway, Suite 200, Santa Ana, CA  92706-2614

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __09/19/2022__ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Attorney:  Richard T Baum - rickbaum@hotmail.com
Trustee:  Nancy K Curry (TR) - trustee13la@aol.com
United States Trustee: ustpregion16.la.ecf@usdoj.gov
Attorney for Ally Capital, c/o AIS Portfolio Services, LLC:  Arvind Nath Rawal - arawal@aisinfo.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __09/19/2022__ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:
Zahid Siddiqi
877 Francisco Street, Apt 1006
Los Angeles, CA  90017

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/19/2022 | Jodi Miller | /s/ Jodi Miller |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.